The Honorable, the Judges of the United States Court of Appeals for the 4th Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable, the United States Court of Appeals for the 4th Circuit are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Thank you. Please be seated. We're happy to have you with us today. Welcome. We will hear argument first. I will tell you as soon as I put on my glasses. Argument first in number 222280. Counsel whenever you're ready. May it please the Court. Good morning, Your Honors. My name is Brad Banas and I represent the appellant in this first case. This case is about checks and balances. Congress saw fit to provide the judiciary the ability to check the executive when it unreasonably delayed a naturalization decision because in the naturalization context, a delay is just as good as a denial because during that delay, the noncitizen does not have the rights accorded to a full member of our polity. Here, the lower court remanded this case on an incorrect factual basis and an incorrect legal standard. For that reason, this Court does have jurisdiction over this case. In this case, this Court should vacate the lower court's decision, remand it with instructions to consider the only legal question at issue. Can you start? You said for that reason this Court has jurisdiction, but nothing you said before that suggested why we have jurisdiction. It might suggest why we would like to have jurisdiction, but can you address the motion to dismiss for lack of appellate jurisdiction to start? Absolutely, Your Honor. 28 U.S.C. 1291 provides this Court jurisdiction over final decisions. A final decision is one that resolves all claims as to all parties. The lower court's decision here did that. It's very distinct from a recent Fourth Circuit case in G, spelled G-E. In that case, the lower court stayed the action while the agency made a final decision. So that's the conclusion, but how about explaining to me why that makes any sense? How did it resolve all the issues? Your client was neither granted nor denied what they were seeking. It made a decision about where that decision would be made, but not what the decision was. I confess I'm just struggling to understand. I know you're saying it's final, it resolved everything, but that's the conclusion. How did that resolve everything? Didn't you then go back to the agency and actually address the thing that you were seeking, which is whether you were entitled to citizenship or not? The agency's motion to dismiss put in front of the district court whether there had been an unreasonable delay sufficient for the district court to determine the matter its own. It made a final decision on that. It said, there hasn't been an unreasonable delay, I'm remanded. So in your view, any decision that decides that a case should be remanded, whether to an agency or to a state court, because it then dismisses the federal action, in your view, as a final decision in every instance. Not in every instance, Your Honor. Okay, but help me understand why this one is different then. Because we know in most every other circumstance, a remand for a decision by a different tribunal is not final. And so what I'm having trouble understanding is why this one is. I can't speak to every remand order out there, Your Honor. I can speak to 8 U.S.C. 1447B. 8 U.S.C. 1447B, the merits are completely distinct from the analysis the court engages in the government's motions to dismiss. Here, the court decided an unreasonable delay. Actually, but how is that the case? Because as I understand it in this statute, the district court has wide discretion to decide whether to remand to the agency. And it seems to me that one basis on which a district court could say is, I mean, I guess I'll say it like, if I hypothesize with the strongest case for the district court just making the decision itself, is the agency has delayed an extraordinarily long period of time. It seems obvious to the district court that the person is entitled to naturalization. And the government, in response, provides no reason to think the person's not entitled to naturalization, right? Like, I can imagine being the district court judge saying, like, dear agency counsel, what do you think the administrator really has to do on remand? This case seems really obvious. That's not completely separate from the merits, right? Like, if you think this case is, in contrast, it strikes me that one of the stronger cases for a remand to agencies, I don't know. This seems complicated, right? That seems like a totally valid reason why the district court remanded the agency, and that's not completely divorced from the merits. So I don't see how you get within the completely divorced within the merits requirement. Your Honor, I would point you to pages 70 to 78 of the record, where the court didn't discuss any of the merits in this case. At all. Sure, but under the collateral order doctrine, the Supreme Court has said over and over again, we talk about an entire category of orders, not the specific order you're seeking to appeal. Okay, so we're talking about orders under 1447B, correct, Your Honor? Correct, and I think we'd say, and so how are those orders as a category completely separate from the merits? The government's motion to dismiss has nothing to do with the merits. It has everything to do with, should they get more time to make a decision that they've put off for no good reason? That's completely different than whether my client is eligible for naturalization. If that's all it takes, I mean, I'm going back to Judge Richardson's question. I mean, that seems like, if that's the standard, every discovery order would be immediately appealable. Because all the judge did was say, you're entitled to more interrogatories. It had nothing to do with the merits. I mean, is there any limiting principle here? Your Honor, I think that G is a good example. There, the court decided to fashion a remedy where they stayed the case for 60 days. So the district court retained jurisdiction over the case. Presumably, they could have come back. They could have stayed it longer. They could have gone through administrative appeal. They could have done the amended complaint to go under 1421C, right? So here, the judge dismissed the case outright. While my colleague characterized this as a motion to remand, under Rule 12, the government's required to provide a Rule 12 answer on the 60th day. They provided this motion to dismiss. If this is not a motion to dismiss, then they didn't provide a Rule 60 answer, and that's another problem. So calling this a motion to remand isn't exactly correct. And again, if this isn't a final decision, it necessarily is a collateral order. This is a conclusive determination of whether the delay has been so unreasonable that the court will take jurisdiction. It is distinct from the merits. How long they take has nothing to do with whether Mr. Dubon has passed the civics test, whether he's a person of good moral character, and all of the separate criteria in 8 U.S.C. 1427. And this is unreviewable. If the court were to take the case and we went forward and got denied in front of the court, this court would decide or would be looking at the merits of the case, not the delay. Can I ask you why that kind of matters? I understand your argument that on the government's theory, this becomes effectively unreviewable. But for the collateral order doctrine to apply, there has to be some important consequence to that. And tell me what I'm misunderstanding. It seems to me, had you prevailed before the district court, and the district court decided, the district court had not remanded, but had instead made the decision itself, fine, you get de novo review of your claim by the district court. If the district court remands, and then you appeal, you also get de novo review by the district court. So why is it important, which route this goes by? Yes, Your Honor. First off, the importance is the deprivation of citizenship. And in an election year, I think that's important. A lot of cases saying delay is not sufficient to say we're going to do something under the collateral order doctrine. There needs to be some other consequence. Sure, Your Honor. To get the route you're discussing, Your Honor, there's no timeline for the agency to, so you file a thing called an administrative appeal. It's another $700. It's another hearing. There's no timeline for that. So you're looking at, it could take six months or six years, okay? Once you get there, and you get a final decision from the same office that just denied you, it's not an independent office. It could be the same officer. So once you get that denial, you then have to go back to district court. And as you point out, Judge Harris, it's de novo review. So what's the point? This idea that the administrative record is going to be more fully developed is simply not true. What the agency says simply doesn't matter for judicial review, either 1447B or 1421C. I don't know. I feel like when I review district court opinions, even if review is de novo, it's pretty helpful to have them and to have the record sort of fleshed out at the district court level. I completely agree with you for a district court judge decision. I don't think that's analogous to an adjudicator in Charlotte who may or may not have a college degree and does not have a law degree. That's the expertise. We tend to think about that the opposite way, though, right? If anything, we're more interested in what the agency's rationale is, particularly as the court has told us repeatedly in the immigration context. But generally, we care a great deal about what the agency has done. And I get that it's de novo review. But if anything, it seems to cut the opposite direction than to say, you want to disparage the executive branch. I understand your desire to do that. But I don't understand why we would think less of the record developed by the executive branch than we would by an Article III colleague. I guess I think there is a difference between the record of an Article III judge, presidential appointee, and a Article I bureaucrat. Expertise, and I'm not disparaging anyone, Judge Richardson. I want to make sure you're clear. No, you plainly are disparaging them. You can't say that. I mean, you can choose to disparage them, and that's fine, right? You're entitled to do that. That is the position you want to take. But you can't say, I'm not disparaging them. You are plainly disparaging the executive branch, and maybe for good reason. But like, don't say what you say and then say, oh, I'm not disparaging them. Your Honor, if you go to usajobs.gov and look at the entry requirements for these adjudicators, that's all I'm describing. And they are not experts in legal determinations. Y'all are. I would point you to the Gray decision from South Carolina, the Judge Norton, who kind of went through all of the standard arguments. Because that's what you're seeing in these cases. These are not unique bases to remand these cases. If you look at the actual facts that- But these are, so you started by telling me there's a separation of powers problem. But it doesn't seem like, respectfully, there is. It seems like it's an intrajudicial. These are all great arguments why the district court shouldn't have remanded to the agency, right? These are all like, and why things the district court judges should be attuned to in deciding. But that's not the question. The question is whether we review those decisions of district court judges or not. And, you know, I mean, all sorts of, it would seem weird that we would craft a rule of appellate jurisdiction based on the assumption that district court judges are going to screw these questions up. Which is the only reason you would need judicial review of them at all. The question is whether you can get a form of judicial review you couldn't normally get of a district court decision. Not whether you get judicial review of the agency decision. You got judicial review. You just don't like the decision you got from the district court judge. Your Honor, the district court judge did not review the merits of our case. No, but the district court considered all these arguments and said, you know what, I'm going to remand it to the agency. And you think the district court judge was wrong to do that? And maybe you're right and maybe you're wrong. But the question is about whether we get to review the district court's decision, not whether some Article III judge gets to review the agency's decision. I understand the antecedent question about jurisdiction and merits. But let's just be real clear here. The district court based it on this idea that the agency was slowing down because there was an unexecuted removal order. That is false. That is not correct. If you look at the agency's declaration at pages, what is it, 27 and 28, they just outlined the procedural history and said we did a request for evidence. It has nothing to do with this removal order, and I do believe my colleague admits that in his briefing, rightfully so. But going back to the question of whether it's a final decision, this got rid of all of the issues for all of the parties here. That's it, it's final. There's nothing else left to do. And if it's not a final decision, the collateral order doctrine seems perfectly tailored for this type of case. Can I ask you just a doctrinal question? It was not cited in the briefs. Do you know our 2009 decision in Shipbuilders' Council of America versus U.S. Coast Guard? Not off the top of my head, Your Honor, no. Okay, so I'm going to read this, just I guess posit that this is a statement and a published opinion by this court. Quote, the circuits that have considered the question have uniformly held that a decision of a district court, which we have here, remanding a case to an agency, which we have here, for further consideration does not qualify as an appealable collateral order. That's just a flat statement by this court and a published opinion. So, I mean, why is this type of remand different than every other type of remand order, as we've said? Sure, Your Honor. In this case, under, I believe it was 2009 also, the ETAPE case, or E-T-A-P-E, it said that the courts have exclusive jurisdiction over these cases. The exclusive jurisdiction continues. In the seven days that they took after the court dismissed the case to make a decision, they made a decision. Exclusive jurisdiction continues, I can appeal that, correct? And the fact that that decision gets no weight in judicial review also plays pretty heavy in here. Because in the shipbuilder's case, I'm assuming it's under the Administrative Procedure Act, and this court gives great deference to those decisions, right? This is completely unique. This is a different beast. And it resolved all of the issues for Mr. Dubon. That was it, he couldn't go to court. I don't understand that to be responsive to Judge Heighten's question at all. Say it one more time, this is different because why? I don't know, I didn't understand, there were words there, but none of them were responsive to Judge Heighten's question. Why is this different? This is different because, again, I don't know that case, admittedly. He just read you the sentence, right? He's asking, why is this different than the sentence that he just read you? I think it matters what the final, excuse me, the standard of review of that decision will be. Because it's valuable to let the agency do its work when you're going to review it in an arbitrary and capricious way. It's completely not valuable if you're going to review it de novo. Why not? If you have to review something de novo, it's really important to have a full record, and that's what will be developed in the agency. And also, the district court did consider this. The district court considered a bunch of different factors, not just the one you're talking about. And said all of this, like I understand de novo review and everything, but I would really like the benefit of what happens before the agency. That would be helpful to me. Why is that not entirely reasonable? The purpose of this statute is that the agency had its chance and waited too long. The record is fully developed. If that's the purpose of the statute, wouldn't it say that if a district court finds undue delay, it has to decide the question itself? The statute in question has no standards whatsoever for the district court's exercise of its jurisdiction, which parenthetically seems to me like maybe a good indication that Congress didn't think anyone was going to be reviewing this because there are no standards. But that's not what the statute says, that if the agency takes too long, the district court will decide it. Your Honor, I see my time is up. Please answer the question. I don't disagree with the words of the statute, Your Honor, but the statute does mean something. And when the district courts- A judicial check on undue delay at the district court's discretion, and that's what the statute says. A district court, a Article III judge will look at this delay and make a decision under no standards as to whether it should go back to the agency with instructions or the district court should decide it itself. So there's a judicial check in there, but I don't see anything saying if the agency took too long, this statute entitles you to skip over the agency and go straight to the district court. If I may, Your Honor, Mr. Dubon's not skipping over the agency. He's gone through the entire process. He's provided a complete N-400 application for naturalization. If the agency's response was, hey, we need more information about this crime, then I think we'd lose this. That wasn't their argument. Their argument was, we did nothing for 14 months, but we promise we'll get it done in two weeks. And they did. And they did it on the decision of a legal question that, respectfully, that adjudicator has no expertise in doing, and there's no reason to defer to that. Thank you, Your Honor. That's why you can get review in the district court of that decision. I'm not seeing the problem. After another two years and thousands of dollars, Your Honor. Delay problem. Thank you. Good morning, Your Honors, and may it please the court. I'm Brandon Zeller, an assistant United States attorney on behalf of Director Jato on this matter. Your Honors, the appeal should be dismissed because the district court's order remanding the case to citizenship and immigration services is not an appealable final order under section 1291. Mr. Dubon did not properly appeal the order under section 1292. And the order, the class of orders to which this order belongs is not an appealable collateral order. Under section 1291, a final order is one that ends the litigation on the merits and leaves nothing for the district court to do but to execute the judgment. In a case, in a 1447B case, the district court, when it remands to the agency, doesn't pass on the merits of the matter. Instead, it merely remands the litigation so that it can be determined first in the administrative forum and then returned later if the applicant appeals to the district court under 1421C. The merits of Mr. Dubon's claim were never even started in the district court. The district court's order deals entirely with the advisability of remand, never dealing with whether Mr. Dubon was eligible for naturalization. That's a question that was determined by the agency upon remand and then could have been appealed to the district court under 1420C after an administrative appeal. Can I just ask you a practical question? Is it too late to appeal that decision now? Your Honor, there is a time limit on the administrative appeal that I believe has passed. The consequences of that having passed get into another set of procedural questions that I don't know whether the remand order is reviewable. I take your answer to be probably not? She's just saying, could they file an appeal on that now? You say the time has passed, but there's some other things going on here that might change that. Correct. If an administrative appeal were filed at this point, the likely response might be, well, the time for this has passed, and so the administrative appeal might be denied on that basis. Whether there would then still be review available in the district court under section 1421C is a separate question that, frankly, I'm not prepared to answer this morning, Your Honor. The first question would be within the discretion of the agency. They could choose to ignore that delay if they exercise of discretion. That's correct, Your Honor. They could choose to reopen the appeal. Probably not is the answer you're sort of sticking to. Probably not. Yes, Your Honor. I'm tolling for the fact that, I mean, it does seem like there might be a decent argument that, rightly or wrongly, I was pursuing this other avenue and that didn't work. So now I would like to file my administrative appeal. Your Honor, I agree that that would be a reasonable argument for an applicant in this situation to make and one that the agency would consider. Probably not. On the finality of the order under section 1291, Your Honors, I would refer the court to the G decision that Mr. Dubon referenced this morning, where the court held in so many words that a remand order in a 1447B case was clearly interlocutory and not appealable, and that the order was only a procedural order and not an order on the merits. I would also point out the cases that Your Honors have referred to this morning, referring to remand orders generally as not appealable final orders. But when a litigation is merely sent to an agency for further proceedings and may then return, that's not a final order. It's one- Although your friend does raise a decent point that suggests that a part of the rationale for that is because we care a lot what the agency will say and we might review them for arbitrary and capricious review. Or under Chenery, we can't uphold an agency decision on alternative, like all sorts of the reasons that we remand cases to agencies because of the Chenery doctrine, because of the APA standard, because of things like that. You agree that sort of none of that applies here, right? So it's not like the, so the way this is supposed to work, right, is that it's supposed to go back up the other way to the district court. But it goes back up to the district court, and unlike the vast majority of administrative situations, that district court judge gives no deference to the agency whatsoever, right? And it isn't even reviewing the agency's decision. So my understanding is when it goes back to the district court for de novo review, the district court can just naturalize you, right? It doesn't remand to the agency to naturalize you. Is that right? If the district court elects to determine the matter, it can. No, no, no, no, let's go with the hypo of what should have happened here under the statute as I understand it. So he goes to the agency, he hopes the agency says yes, the agency says no. He then takes the administrative appeal, he hopes the agency will say yes, but let's just say the agency says no again. And then he goes to the district court through what the government thinks is the correct route, right, in this situation. And then we go to the district court, and the district court gives literally no deference to the agency. It doesn't care why the, unlike Chenery, it doesn't care why the agency said no, in the sense of, it's not like the agency said no, so remanded to the agency for them to do a do over. The district court just decides the issue then, right? On an appeal under 1421C, your honor, yes, the district court has jurisdiction over the naturalization application and decides it upon a de novo review. The agency is a party to those- Not subject to the APA, not subject to the Chenery rule, not subject to any of that. Correct, it's a completely de novo review of the naturalization application. As your honors have pointed out this morning, however, the district court in those situations does have the benefit of the proceedings that happened before the agency, the determinations that were made there, the development of the record that occurred at the agency level. I think that's of benefit to the district court, even if it doesn't have to defer to the findings that the agency made. In the district court, in that proceeding, the 12, you said 14, the other proceeding, not the this one, can the district court take evidence in that other proceeding? Or is it bound by the record created before the agency? In an appeal under 1421C, your honor? 1421C, yes. That is a de novo consideration of the application. Sure, but is it, I mean, we review summary judgments de novo, but that doesn't mean you can introduce new evidence into the record on an appeal from a summary judgment decision. So on an appeal under 1421C, the naturalization applicant has to carry the entire burden of proving- That really, again, still isn't answering my question. Can he introduce new evidence before the district court that wasn't introduced before the agency? Yes, your honor. New evidence can be introduced. The naturalization applicant has to introduce all of the evidence that supports their application for naturalization, and that could include evidence that had not been presented before the agency. The agency, of course, again, being a party to the litigation, would have the opportunity to respond under the rules of procedure. I would point out, your honors, that the remand order is also not appealable under section 1292. That's a point that Mr. Dubon appears to concede this morning, having made no arguments in response to that, in response to the director's motion to dismiss or an argument here this morning. Finally, your honors, on the collateral order doctrine, I would note that when the court weighs the importance of the interest that is at issue on the remand orders, they don't examine the specific order that was issued in the district court, but rather the entire class of orders, as your honors have mentioned this morning. Some district courts determining 1447B remand orders examine the reason for delay or the length of the delay, but other courts choose not to examine those factors, instead relying on the agency's representation that it will adjudicate the application quickly upon remand, or they'll base their decision on the general scheme in which the agency is meant to pass on the application first, and then the district court afterwards. So the only question— Is it your view that the district court has broad discretion to decide that decision? Are there limits on that discretion based on the statute from your perspective? So in other words, your colleague suggests repeatedly that it's got to be sort of some particular reason that would justify a remand. And Judge Harris was asking earlier, and I think Judge Hyten has mentioned as well, the sort of—the statute reads as sort of broad discretion. Are there limits on that discretion? The statute itself does not provide any, your honor. The statute itself merely gives the district court the opportunity to pass on the question. The statute says that after 120 days of the interview, the applicant can bring an action in the district court. The district court then has—can either remand the matter with instructions or determine the matter. But there's nothing in the statute that says what factors the agency or the district court needs to consider on that application or in that 1447B action. I think when you look at all of the cases where district courts are examining 1447B remand orders, they all start from the proposition that it is entirely within their discretion whether to remand or whether to determine the matter. That's true even in the Gray case that Mr. Dubon cites where the district court decided to determine the matter itself. There was—the statute doesn't—the fact that the statute doesn't provide any limitation on the district court's discretion, I think does not mean that—or has not meant in practice that district courts don't look at what factors— what factors should go into whether or not the agent—whether or not the district court retains jurisdiction or remands to the agency. District courts do consider the relative burdens on the district courts and on the agency, the agency expertise. They consider whether the agency has expressed a willingness to adjudicate the matter quickly upon remand and the intent of Congress in enacting the scheme that we're discussing here this morning. Do you think it would be all right if a district court just had a policy like, look, I'm not doing this. I'm not an immigration judge. My policy will be when I get these motions, I'm sending it back to the agency with instructions, period. I don't—the statute does not foreclose that route, Your Honor. And I believe Your Honor made a salient point on this issue earlier when you stated that the fact that Congress did not put into the statute a standard for when and how the—for when and how the discretion could be exercised to remand or to determine the matter, it might be an indication that those decisions were not meant to be subject to review. On your theory of the case, right, they would be effectively unreviewable. I mean, you don't disagree, or do you, that if everybody—if an applicant used what you think of as the right procedure, first sought a remand, did not get—I'm sorry, first asked the district court to make the decision itself under this statute, district court says no and remands, and then appeals the denial of relief itself on the merits, you wouldn't at that point be able to start arguing about whether the case should have been remanded, would you? That's correct, Your Honor. The decision is effectively unreviewable. But the consequence of that decision being unreviewable is only that the applicant might have to pursue an administrative appeal before having the decision reviewed in district court. Your Honor, I would point out that the applicant has to pursue an appeal one way or another. They either pursue—if their application is remanded and then denied, they have to pursue an administrative appeal before receiving district court de novo review. Alternatively, if the remand decision is reviewable, they have to pursue an appeal in circuit court before they can return to the district court to have their application reviewed de novo. So there may be some effect on the timing, but as Your Honor has pointed out, delay alone is not enough under the collateral order doctrine to make a non-final order reviewable. And the effect on the timing may not be great or, in fact, the timing may be better if there's a remand rather than an appeal to the circuit court. Your Honors, if you have no further questions, I believe that's all the argument I have for you this morning. Thank you very much. Thank you. And you've got some time for rebuttal. Thank you, Your Honors. Judge Richardson, we waived our administrative appeal. We can't appeal. It's 33 days under the regulations, and they don't toll that. It's a much more practical method. Why is that? So why make that choice? I don't want you to reveal attorney client or work product or any of that, but hypothetically, why would somebody make the choice to waive that given the consequences of doing so? It's much faster to refile a naturalization application. Naturalization applications processing times are much faster than administrative appeals of denials. So you're just going to do it again. That's right, Your Honor. Yeah. That's right. So it effectively is reviewable, but your point is it's just reviewable by you're just going to take another swing. We're going to go right back to the exact same officer with the exact same information. The difference – And there's sort of no preclusion of any sort? One can just sort of do this indefinitely? Correct. As my colleague points out, the agency puts the burden on the petitioner to prove eligibility, and so they didn't say you can never become a citizen. It said you didn't prove it on this record. So we just provide a different record, hopefully get a different adjudicator, hopefully get a different outcome. The arbitrariness is the only thing consistent in our immigration system today. That just suggests that maybe we need a preclusion statute, but it's probably beyond my – Well, I would suggest the judiciary provides consistency, not condones inconsistency. I guess my question is this statute means something. Congress wanted to check unreasonable delays for naturalization at some point. Right now, the way the district courts do this, it's all over the place. The lower courts need guidance. I point out the Gray decision because it's the first decision really in this circuit to try to find a burden for one of the parties to show. Good reason. It's an incredibly low standard. I agree. The district courts have incredible discretion on whether to take this case or not. To your point, Judge Harris, I have had judges in the District of South Carolina simply get it for 30 days and say before the government answers, before they file anything, you know what, I'm remanding it, make a decision in 30 days. What's wrong with that? That seems to be entirely consistent with what I can glean of congressional intent here, which is if you're taking too long, some district court is going to tell you to hurry it up. Fine. The reason it was wrong is because my client got denied and got put in deportation proceedings. None of that would have happened if I'd had the ability to fight for judicial review. But I do think your colleague made an interesting point. I mean, we work really hard, and I like to think we're pretty fast, but appealing a remand order is going to take some time. I understand that, Your Honor. You don't have to worry about that. You're just going to file another one anyway. You might have already filed. In theory, you may already have. I'm not asking you to reveal, but you may have already filed another one, right? I don't file petitions, Your Honor. I don't know. But this petitioner may have already filed another petition, right? So that's the alternative path, right? You just keep teeing them up, and so this is almost like this is irrelevant. I mean, if he just files another one, he just goes again. I can represent the court. He has not. And at the end of the day, this comes down to a legal question where we have a disagreement with the agency. We filed for summary judgment. At the same time, we opposed their motion to remand, and the district court refused to decide it, which is fine. However, it's one legal question, and we know the agency's position. We know our position. We're not going to agree on it. What is the legal question? What do you think the legal question is? To the merits of the case, the legal question is whether a strict liability violation of North Carolina law is an absolute. I'm sorry. I thought you were talking about on the remand. I thought you thought there was one legal question. You're talking about on the merits there's a legal question, not. That's right. No, the remand here, I think the problem is if this court's ever going to exercise jurisdiction, this is a great case to do it because the lower court's factual basis is wrong, and the government admits that. I have to, well, I appreciate maybe sort of the desire to have a court step in and articulate some standards under B, but honestly, I don't know where we would get them. Like, we're not allowed to just write standards into a statute that doesn't include them, and in terms of the agency's mistake, as I understand, I'm sorry, the district court's mistake, there's some confusion about was the agency barred from considering the application or only barred from granting relief, and I'm not sure it makes that much of a difference. Either way, the agency didn't act because it couldn't grant relief. I mean, what's the big deal? If I could just answer that question, Your Honor, then I'll sit down. The agency didn't even consider that at all in its delay. Again, the only proper evidence in front of the court that related to the reason for the agency's delay is in the agency's declaration at pages 27 and 28. It said he filed on this day. He went to the interview. We issued a request for evidence for solely criminal records. He gave them to us a month later. That's it. It had nothing to do with this outstanding removal order, nothing to do at all. That only came up as a litigation defense, and that's fine. I'm not suggesting he did anything wrong, but, and again, I think true fulfilling his duty to the court, my colleague admitted that and said, no, that wasn't the basis for the delay. And then if you look at the rest of the decision, Your Honor, those are factors that could be in every single case, and what I would suggest is that if there's a standard, it has to be something that the delay is the consequence of something that is not typical in every adjudication. We still need, we're tracking down a hit on a criminal check. Great. That's fine. That's something the agency should do, not judicially manageable. But here, there's nothing. It just sat on a shelf. And for those reasons, we would suggest this court does have jurisdiction and should remand it. Thank you, Your Honors. Thank you. All right. The case is submitted. We will come down and greet counsel and then hear our next case.
judges: Pamela A. Harris, Julius N. Richardson, Toby J. Heytens